UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 15-20038

                                    HON. DENISE PAGE HOOD

ALVARO EDUARDO GUZMAN-TELLES,

    Defendant.
_____/

**ORDER DENYING MOTION FOR
APPEAL OF DETENTION ORDER [#18]**

### I.    BACKGROUND

This matter is before the Court on Defendant Alvaro Eduardo Guzman-Telles' Motion for Appeal of Detention Order [Docket No. 18, filed March 27, 2015]. The Government filed a Response opposing the Motion [Docket No. 23, filed April 7, 2015]. The Court held a hearing in this matter on April 9, 2015.

An Indictment was issued on January 27, 2015, charging Defendant with Threat to Injure using Interstate Communications, 18 U.S.C. § 875(c) (Count One). The Indictment alleges that Defendant transmitted in interstate and foreign commerce through the use of the internet a threat to injure New York City Police Officer Daniel Pantaleo via a communication posted on Facebook, a social media website. Defendant allegedly stated, "I'm going to personally kill and behead Daniel Pantaleo. This is

written as a threat and has to be taken extremely seriously."

**II.    ANALYSIS**

Defendant was ordered detained pending the hearing by the Magistrate Judge on February 6, 2015 [Docket No. 10, filed February 3, 2015]. Defendant seeks review of the Order of Temporary Detention. The Government responds that the presumption of detention applies in this case and that Defendant has not rebutted the presumption.

The Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). This matter is a rebuttable presumption of detention case under 18 U.S.C. § 3142(e)(2) where the charges involve

a violent crime. The presumption in favor of detention imposes a burden of production of "some evidence" on the defendant that he does not pose a danger to the community or a risk of flight. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010).

The district court must make findings as to bond or detention based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each factor is addressed below.

(1) As to the nature and circumstances of the offenses charged–the charge against Defendant is a threat to injure a police officer. Defendant specifically threatened to "personally kill and behead" the officer.

(2) The weight of the evidence against the person–the Indictment establishes probable cause for the offense. *Hazime,* 762 F.2d at 37.

(3) The history and characteristics of the person– Defendant has antisocial characteristics and a borderline personality disorder, and manifests a strong belief in anarchy coupled with a lack of respect for authority. During a search of his home in Hamtramck, agents found four firearms that were not registered to Defendant.

(4) The nature and seriousness of the danger posed by the person's

release–based on Defendant's anti-law enforcement attitude, his personality, and his collection of firearms, Defendant has a high risk of danger to the community.

(5) As to risk of flight–Defendant is facing a maximum of 5 years' imprisonment. At the April 9, 2015 hearing, Defendant indicated that if released, he would remain in the custody of his parents, who live separately. Residing with his parents is not a sufficient option since they may not be able to adequately limit the danger posed by their son at all times.

Weighing the factors, above, Defendant has not sufficiently rebutted the presumption of detention. There is a risk of flight in light of the possible 5 years he is facing. As to danger to the community, Defendant has not rebutted the presumption of detention in light of the allegations of threats of violence, killing, and beheading. There are no conditions or a combination of conditions which would reasonably assure the safety of others.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Appeal of Detention Order [Docket No. 18, filed March 27, 2015] filed by Alvaro Eduardo Guzman-Telles is DENIED.

IT IS FURTHER ORDERED that the dates in this Order constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) from the scheduled trial date

of March 10, 2015, to the new trial date set for June 16, 2015. The Court finds that the ends of justice served by the delay outweigh the best interest of the public and this Defendant in a speedy trial.

                        S/Denise Page Hood
                        Denise Page Hood
                        United States District Judge

Dated:  April 22, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2015, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager